IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) CRIMINAL CASE NO. 04-10231-MLW <br> ) |
| v. | ) <br> ) |
| PETER V. MAGGIO, III, *ET AL.* | ) <br> ) |

GOVERNMENT'S *SUPPLEMENTAL* SENTENCING MEMORANDUM
RE: DEFENDANT **MICHAEL O'NEILL**

The Government submits the following three matters to supplement its Sentencing Memorandum re: MICHAEL O'NEILL filed on October 16, 2006:

1. The Government's Sentencing Memorandum referred to the loss applicable to O'Neill.

   a. To the extent the Government's Memorandum referred to the loss calculated by U.S. Probation in the PSR, that amount should read "$ 4,606,485." *See*, PSR ¶¶ 236, 301.

   b. To the extent the Government's Memorandum referred a loss calculation of $2,855,494" that was the amount calculated by the Government, as set forth in a letter and attached chart provided to defense counsel and filed with the Court at the plea hearing.

   c. It should be noted that the $2,855,494 loss calculated in the Government's letter and chart contained a mathematical error. The chart total should have read "$3,918,685."

   d. Subsequent proof of loss established that two loans for which no loss was assigned at the time of the Government's letter and chart did in fact result in losses of $162,800 and $525,000, respectively.

   e. Thus, the Probation Department derived its total loss calculation of $ 4,606,485.

    f.    Nonetheless, the Government will stand by its commitment contained in its June 8, 2006, letter to defense counsel for defendant O'Neill "stipulating that the net losses from the accompanying table are the losses applicable to your client for calculation of the sentencing guidelines."

    g.    The Government is informed by the Probation Department that the variance between the subject calculations does not change the +13 level enhancement for "loss" under the sentencing guidelines where the loss ranges between $2.5 million and $5 million.[1]

2.    On October 17, 2006, the Probation Department requested that the Government provide additional detail concerning ¶17 of the PSR describing O'Neill's increasing the loan amount on certain CIT loan applications.

    a.    The PSR at ¶17 identifies three specific CIT loan files where co-defendant Deveau stated he submitted loan applications which O'Neill directed be changed to reflect higher loan amounts.

    b.    Attachment "A" to this Supplemental Memorandum contains two records from August 17, 1999, CIT Loan File #90015097 in the name of Richard Didonato. The first reflects a "cost" of $480,000 with a "down/trade" of $106,800. The second reflects the same sales " changed to $58,800. The effect was to increase the CIT loan from $402,300 to $450,000.

    c.    It must be noted that O'Neill's submissions to the Probation Department and his sentencing memorandum acknowledge that O'Neill knew in August 1999 that the down payment for a Didonato loan was bogus.

3.    Attachment "A" to the Government's Sentencing Memorandum re: MICHAEL O'NEILL contained portions of an FBI 302 interview of co-defendant Deveau on July 15, 2000. Inadvertently missing from Attachment "A" was a third page from the FBI 302.

    a.    Attachment "B" to this Supplemental Memorandum contains the third page.

---

[1] Restitution may be Ordered in such amount as this Court determines appropriate. The Probation Department calculated the restitution amount as $4,606,485. See PSR at ¶ 301.

    b.    As shown in Attachment "B", Deveau disclosed to the FBI that as early as August 1999, O'Neill had demanded a kickback of 40% of Deveau's finance commission, citing the fact that O'Neill had to use his 15 years of influence with CIT to get the loan approved because CIT was initially unwilling to approve it.

    c.    In addition, the FBI 302 reflects that O'Neill informed Deveau that O'Neill had run a credit check on the purported borrower [Havey or Demasi] and learned that the person worked at Jiffy Lube, not as the operator of a DBA construction company [as indicated on the submitted financial information].

Respectfully submitted this 17th day of October, 2006.

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

By:  /s/ Victor A. Wild
     VICTOR A. WILD
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA 02210
     (617) 748-3100

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the attorneys listed below a copy of the foregoing document via electronic filing.

                              /s/ Victor A. Wild
                              VICTOR A. WILD
                              Assistant U.S. Attorney

| | |
|---|---|
| James M. Merberg, Esq.<br>66 Long Wharf<br>Boston, MA 02110<br>Attorney for Peter V. Maggio | William M. White, Esq.<br>1 Faneuel Hall, 3rd Floor<br>Boston, MA 02109<br>Attorney for Sean Sacco |
| Joseph S. Oteri, Esq.<br>20 Park Plaza<br>Boston, MA 02116<br>Attorney for Michael R. O'Neill | Elliott M. Weinstein, Esq.<br>228 Lewis Wharf<br>Boston, MA 02110<br>Attorney for William A. Howe |
| Scott P. Lopez, Esq.<br>24 School Street<br>Boston, MA 02108<br>Attorney for Louis A. Paradiso | Roger Witkin, Esq.<br>6 Beacon Street<br>Boston, MA 02108<br>Attorney for Matt A. Havey |