UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO: 04-10231-MLW |
| | : | |
| MICHAEL O'NEILL | : | |

**DEFENDANT'S *SUPPLEMENTAL* SENTENCING MEMORANDUM RE: SOPHISTICATED MEANS**

This memorandum discusses the case of *U.S. v. Amico,* 416 F.3d 163 (2nd Cir. 2005) and its distinction from U. S. v. Lewis, 93 F.3d 1075 (2nd Cir. 1996) as well as the effect on Mike O'Neill's sentencing.

**1. U.S. v. Lewis**

In *U.S. v. Lewis,* Defendant, along with three co-conspirators working for an accounting firm conspired to defraud the U.S. and evade a substantial part of the income tax defendant owed from 1984 until 1991. 93 F. 3d at 1077. During the conspiracy, Defendant would write fraudulent checks to fictitious entities and then have them deposited in various satellite accounts opened in the names of the sham entities. *Id.* Defendant would then use the money to pay creditors and make personal investments. *Id.* In addition, Defendant's co-conspirators would retain a percentage of the funds as its fee for facilitating Defendant's tax evasion. *Id.*

Defendant was charged and pled guilty pursuant to a plea agreement for Conspiracy in violation of 18 U.S.C. § 371 and Tax Evasion in violation of 26 U.S.C. §7201 and 18 U.S.C. §2. *Id.* at 1078  The Probation Department adopted all stipulations

in the plea agreement and also recommended that U.S.S.G. §2T1.1 (b) (2) be applied. Section §2T1.1 states that "if sophisticated means were used to impede discovery of the nature or extent of the offense," the sentencing court should increase the defendant's offense level by two levels." *Id.*

The district court refused to apply the sophisticated means enhancement to Defendant's sentence as it found that Defendant's scheme did not include identity concealment, which was noted in the comments as an example of sophisticated means. *Id.* at 1078-79. Thus, the district court found the scheme to be unsophisticated. *Id.* at 1079. In addition, the district court further held that if it were to apply the sophisticated means adjustment, a minor role adjustment pursuant to U.S.S.G. §3B1.2 would then be appropriate because Defendant's role was minor in comparison to the role of the accounting firm. *Id.*

However, the Court of Appeals disagreed. The Court relied on commentary to §2T1.1, which explained that the section is designed to increase punishment in those cases that, because of their sophistication, might be harder to detect and therefore require additional punishment for heightened deterrence. *Id.* at 1081. In addition, the Court also relied heavily on the observation that "due to the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration of the underlying guidelines." *Id.* Therefore, the Court found that Defendant's repetitive conduct of writing so many checks to different fictitious entities demonstrated that more than routine planning was involved and that Defendant's actions lent a quality of authenticity and a higher level of intricacy

to the plan." *Id.* at 1083. Thus, the Court held that the sentencing court made an error of law when it refused to apply the sophisticated means enhancement. *Id.*

**2. U.S. v. Amico**

In *U.S. v. Amico,* however, the Court of Appeals questioned the breadth of *Lewis* regarding the application of the sophisticated means enhancement. In *Amico,* Defendant participated in a complex scheme to defraud federally insured banks and private mortgage lenders by using false information to obtain mortgages at inflated prices. 416 F.3d at 165. In his role as mortgage broker, Defendant knowingly caused loan applications containing false information to be submitted to lenders. He also knowingly failed to report income on his tax returns and made material misrepresentations in his children's applications for college grants.

Defendant pled guilty pursuant to a plea agreement for mail fraud, under 18 U.S.C. §1341; mortgage fraud, under 18 U.S.C. §1014; and filing a false tax return., under 26 U.S.C. §7206(1). *Id.* at 164. The court accepted the plea, however, the Pre-sentence Report recommended an upward Guideline adjustment pursuant to U.S.S.G. §2F1.1(b)(6)(C), which the court adopted and the Defendant appealed.

Defendant argued that according to *U.S. v. Kraig,* 99 F.3d 1361, 1371 (6th Cir. 1996), that the sophisticated means enhancement is not necessarily satisfied by the complexity of the scheme but requires the sentencing court to look at the actions taken by the individual. Moreover, the Court of Appeals described Defendant's argument as having colorable merit. *Id.* at 169

As stated above, in *Lewis,* the Court's decision rested on the government's vital interest in collecting taxes and the consequent need for a strong deterrent to the use of

sophisticated tax fraud schemes which would make detection difficult. *Id.* The importance of tax collection seemingly outweighed the arguable unfairness of imposing a sizeable sentencing enhancement by reason of circumstances of which a defendant is unaware. *Id.*

In *Amico,* however, the Court found that those considerations had no application to a Guideline covering the use of sophisticated means in an ordinary fraud unrelated to the effective functioning of government. *Id.* Furthermore, the Court questioned whether the 2nd Circuit would adhere to the full breadth of the proposition asserted in *Lewis,* especially as applied to a different Guideline unrelated to the collection of taxes, if in fact confronted with a minor participant who had neither awareness nor notice of the use of sophisticated means by others in committing the offense. *Id.* Unfortunately, the Court did not delve much further into its inquiry as the question of the minor participant without awareness or notice did not relate to the Defendant. *Id.*

The Court found that Defendant was well aware that sophisticated means were being used to avoid detection and in fact was responsible for some of them. *Id.* at 170. These sophisticated means included the creation of false bank documents; the solicitation and creation of false appraisals; the creation of false blue prints; submission of false blueprints to town officials in order to inflate the assessment of comparable home values; collusion with the attorney representing many of the purchasers at closing; and other tactics designed to conceal the scheme. *Id.* at 169. In addition, it was found that Defendant recommended strategies involving selection of certain loan documentation to reduce the likelihood that lenders would obtain from the IRS copies of the borrowers' tax

returns and thereby discover the fraud. *Id.* at 170. Therefore, the Court affirmed the imposition of the two-level sophisticated means enhancement. *Id.*

Lastly, the Court noted that the question regarding sophisticated means has become somewhat less important as the result of the Supreme Court's ruling in *U.S. v. Booker,* 543 U.S. 2002 (2005), which ruled that the Guidelines are advisory, rather than compulsory. *Id.* Under that ruling, the court reasoned that where it would unfair to impose a sentencing enhancement by reason of the use of sophisticated means of which the defendant had no notice; the court would have more flexibility to diverge from the Guidelines. *Id.*

**3. Mike O'Neill's Case:**

Considering the dicta in *Amico* and the fact that *Lewis* was decided pursuant to a different Guideline provision, it should be argued that *Lewis* should have no implication on the sentencing of Mike. Furthermore, *Amico's* description of the minor participant who was unaware and had no notice of the sophisticated means to avoid detection used by other co-conspirators clearly applies to Mike's role in the conspiracy. The Government itself states in its Pre-Sentence report that O'Neill's role in the conspiracy was limited. Therefore, it should be argued in this case that the actions taken by the individual should be looked at by the sentencing court instead of the complexity of the scheme to determine whether the sophisticated means enhancement should be applied. In addition, given the fact that the sentencing guidelines are now advisory, a court will likely have more flexibility during sentencing to refuse to apply the sophisticated means enhancements.

        Respectfully submitted,
        By his attorney:

        */s/Joseph S. Oteri*
        Joseph S. Oteri
        Oteri & Lawson, P.C.
        20 Park Plaza, Suite 905
        Boston, MA  02116
        617-227-3700

Date:  October 30, 2006

## CERTIFICATE OF SERVICE

I, Joseph S. Oteri, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 30, 2006

        */s/Joseph S. Oteri*
        Joseph S. Oteri