46a

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA ) CR 98-10026
                         ) Boston, MA
v.                       ) June 15, 2005
WILLIAM THURSTON         )

BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE
SENTENCING HEARING

APPEARANCES:

United States Attorney
by SUSAN WINKLER & JAMES ARNOLD, AUSAs
One Courthouse Way, Boston, MA 02210

Cooley Godward
by JOSEPH P. RUSSONIELLO, ESQ. &
  MATTHEW D. BROWN, ESQ.
One Maritime Plaza, San Francisco, CA 94111
for Defendant

JUDITH A. TWOMEY, RPR
Official Court Reporter
One Courthouse Way
Courtroom 10 – Room 5200
Boston, MA 02210
(617) 946-2577

[2] THE CLERK: This is Criminal Matter Number 98-10026, United States versus William Thurston.

Court is in session. You may be seated.

THE COURT: Good morning. Would counsel please identify themselves for the court and for the record.

MS. WINKLER: Susan Winkler and –

1

77a

MS. WINKLER: We believe that the national effect, the nationally similarly situated defendants should be given the most weight. But that taking into account the difference between these two defendants is also something that you could look at, given that they [40] were originally charged with the same crime in the same indictment in this court.

THE COURT: And that's what I thought the government's position was, and I believe that's the correct interpretation of law at this point.

MS. WINKLER: Would you like me to address the disparity issue? Would that be —

THE COURT: Sure, you can do it generally, and I've read what you've written. And then, as you know, I want to really get down to a detailed analysis of the purported perjury. But if you want to put that in context, go ahead.

MS. WINKLER: We can do the perjury one first, if you prefer.

THE COURT: Why don't you give me the overview. See if I've got it right.

MS. WINKLER: In connection with the disparity argument, I would think it goes a little bit beyond where your Honor indicated your initial view was on it this morning. And if I may characterize or go back to what the — first, there was no written agreement at all. What happened at the Isola — and what was offered to all four defendants — the government agreed not to contest, not to appeal any sentence that the judge might impose. We understood it was likely that he would impose [41] probation, based on an indication that he gave, but we —

184a

MS. WINKLER: We had asked in the papers for 125,000 on the lower end of the Guideline range, but –

THE COURT: It's not the low end of the Guideline range.

MS. WINKLER: No, at the lower side of it from the 11 million and because it was the defendant was with, at least as of the time the presentence report in 2002, substantial ability. And, again –

THE COURT: Has Mr. Thurston been working in the last several years or devoting himself exclusively to charitable work?

THE DEFENDANT: Second. I have not worked since the trial.

THE COURT: Okay. I have a meeting I have to start running at six o'clock, so I won't get back to this [172] until about seven tomorrow morning, and I have another matter at 10:30. But you should plan to come in at 11:30, and you can call Mr. O'Leary and make sure he knows how to find you at ten. If I'm not going to be ready to decide this matter and sentence Mr. Thurston, I'll let you know, but I'll try.

And I'd like to see counsel briefly in the lobby before we all go home.

Court is in recess.

[173] CERTIFICATE

I, JUDITH A. TWOMEY, RPR, Official Court Reporter for the United States District Court, District of Massachusetts, do hereby certify that the foregoing transcript, pages

185a

1 through 172 inclusive, was taken by me stenographically and thereafter by me reduced to transcription and is a true record of the proceedings in the above-entitled matter to the best of my ability.

JUDITH A. TWOMEY, RPR
Official Court Reporter