UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 MAY 11  P 12:44

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| MICHAEL R. O'NEILL<br>    Defendant, | )<br>)<br>) |
| *and* | )<br>) |
| VANGUARD GROUP<br>    Garnishee. | )<br>) |

1:04-CR-10231-006-MLW

### ANSWER OF THE GARNISHEE

__Susan McGovern__, BEING DULY SWORN DEPOSES AND SAYS:
  (Affiant)


IF GARNISHEE IS AN INDIVIDUAL:

    That he/she is Garnishee herein doing business in the name

of _____.
    (State full name and address of business)


IF GARNISHEE IS A PARTNERSHIP:

    That he/she is a member of _____, a partnership which Garnishee is a partner.


IF GARNISHEE IS A CORPORATION:

    That he/she is the __Custodian of Records__ (Official Title) of Garnishee, __The Vanguard Group__, Inc. a Commonwealth corporation, organized under the laws of the ~~State~~ of __Pennsylvania__.

On __May 1__, 200_7_, Garnishee was served with the Writ of Garnishment.

    1.    The Garnishee has custody, control or possession of the following property (non- earnings), in which the defendant maintains an individual interest, as described below:

| | Description of Property | Approximate Value | Description of Debtor's Interest in Property |
|---|---|---|---|
| 1. | SEE ATTACHMENT | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

Garnishee anticipates owing to the judgment-debtor in the future, the following amounts: Not applicable.

| | Amount | Estimate date or Period Due |
|---|---|---|
| 1. | $ | |
| 2. | $ | |
| 3. | $ | |
| 4. | $ | |

(Check the applicable line below if you deny that you hold property subject to this order of garnishment.)

___   The Garnishee makes the following claim of exemption on the part of Defendant:
_____.

___   The Garnishee has the following objections, defenses, or set-offs to Plaintiff's right to apply Garnishee's indebtedness to Defendant upon Plaintiff's claim:
_____.

___   The Garnishee was then in no manner and upon no account indebted or under liability to the Defendant and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action.

The Garnishee mailed a copy of this answer by first-class mail to:

(1)   Joseph Oteri, Esq.
      Oteri, Weinberg & Lawson
      20 Park Plaza, Suite 903
      Boston, MA 02116

and

(2)   Christopher R. Donato
      Assistant U.S. Attorney
      One Courthouse Way, Suite 9200
      Boston, MA 02210.

_____
Garnishee

Subscribed and sworn to before me this 9th day of May, 2007_____.

_____
Notary Public

My Commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Rosemarie A. Sciarretta, Notary Public
Tredyffrin Twp., Chester County
My Commission Expires Aug. 4, 2008
Member, Pennsylvania Association of Notaries

ATTACHMENT TO ANSWER OF THE GARNISHEE
1:04-CR-10231-0060-MLW

Garnishee, The Vanguard Group, Inc. ("Vanguard"), admits that it has custody, control or possession of property held in the individual name of Debtor Michael R. O'Neill. In its capacity as transfer agent for the mutual funds comprising the Vanguard Funds, Vanguard maintains records of an Individual Retirement Account ("IRA") titled "Vanguard Fiduciary Trust Company Custodian for the Traditional IRA of Michael R. O'Neill" and invested in Vanguard funds.

The IRA, which was established under section 408(a) of the Internal Revenue Code (the "Code"), is currently invested in the Vanguard PRIMECAP and Vanguard 500 Index Funds. The assets in the IRA consist of mutual fund shares, the values of which fluctuate daily. As of May 8, 2007, the IRA held 921.799 shares (account #9922429906) and 204.121 shares (account #9931826477) of Vanguard PRIMECAP Fund and 2,402.325 shares (account #9922429906) of Vanguard 500 Index Fund.

The Custodial Account Agreement governing the IRA provides, in part, that except in the case of a transfer incident to divorce under Code section 408(d)(6), "no interest, right or claim in or to any part of the Account or any payment therefrom shall be assignable, transferable, or subject to sale, mortgage, pledge, hypothecation, commutation, anticipation, garnishment, attachment, execution, or levy of any kind, and the Custodian shall not recognize any attempt to effect any of the preceding, except to the extent required by law." The Agreement further provides that it "shall be governed by and construed, administered and enforced according to the law of the Commonwealth of Pennsylvania, except to the extent preempted by Federal law."

Based upon the information available to it, Vanguard is aware of no other accounts that Debtor Michael O'Neill owns solely in his own name.

The IRA has been frozen in compliance with the Writ of Garnishment and will remain frozen until Vanguard receives further instruction from the court.

THE VANGUARD GROUP, INC.


_____
Susan McGovern
Custodian of Records

Dated: May 9, 2007

#92144, 1

CERTIFICATE OF SERVICE

I, Rosemarie A. Sciarretta, hereby certify that on this 9th day of May, 2007, a true and correct copy of the foregoing Answer to Writ of Garnishment was served upon the following:

By United States mail, first class, postage prepaid:

Joseph Oteri, Esquire
Oteri, Weinberg & Lawson
20 Park Plaza, Suite 903
Boston, MA  02116

Christopher R. Donato, AUSA
United States Attorney's Office
Financial Litigation Division
1 Courthouse Way, Suite 9200
Boston, MA  02210

Rosemarie A. Sciarretta

#92144, 1