UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>    Plaintiff,      )<br>          )<br>    v.      )<br>          )<br>MICHAEL R. O'NEILL,      )<br>    Defendant,      )<br>          )<br>    and      )<br>          )<br>VANGUARD GROUP,      )<br>    Garnishee.      ) | 1:04-CR-10231-006-MLW |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO ENTER GARNISHMENT ORDER**

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, respectfully submits this memorandum of law in support of the Writ of Garnishment issued by this Court on April 22, 2007. Pursuant to 18 U.S.C. § 3613(a) and 28 U.S.C. § 3205(c)(7), the government also requests this Court to enter an Order approving the Writ of Garnishment against property belonging to the defendant.

**I. INTRODUCTION**

Upon the application of the government, this Court issued a Writ of Garnishment against certain retirement accounts belonging to the defendant maintained by Vanguard Group ("Garnishee") to collect a restitution obligation imposed in this case. In response to the Writ, the defendant filed a form document asserting, on several grounds, that his property is exempt from garnishment. Also, as required by the rules, the Garnishee submitted an answer to the Writ, in which it identified an Individual Retirement Account ("IRA") in its possession, titled "Vanguard

Fiduciary Trust Company Custodian for the Traditional IRA of Michael R. O'Neill," owned by the defendant and further stated that "the IRA consists of mutual fund shares, the value of which fluctuates daily." As explained below, this Court should hold that the defendant cannot meet his burden in establishing the account is exempt from garnishment to collect an outstanding restitution obligation, and this Court should approve the Writ of Garnishment.

**II.    FACTS**

O'Neill previously pleaded guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, two counts of fraud by wire, radio, or television, in violation of 18 U.S.C. § 1343, and one count of mail fraud, in violation of 18 U.S.C. § 1341. On November 20, 2006, this Court sentenced O'Neill to 21 months custody, 36 months supervised release, $1,813,200 in restitution, $7,500 fine, and $400 special assessment. According to the criminal judgment, the payments on the defendant's criminal debt are due immediately. As of the present date, O'Neill has not made any payments towards his criminal debt.

O'Neill is currently incarcerated and is serving his sentence at the Federal Correctional Institution - Schuylkill in Minersville, Pennsylvania. According to the Pre-Sentencing Report, O'Neill has an individual 401(k) and IRA account worth approximately $339,148.47.

On April 22, 2007, at the request of the government, this Court issued a Writ of Garnishment against the defendant's property held by the Garnishee pursuant to 28 U.S.C. § 3205. The government served a copy of the Writ upon the defendant and Garnishee. Shortly thereafter, the defendant filed with this Court a form document (prepared by the government) in which he raised several claims of exemption. Specifically, the defendant claimed that the retirement accounts are exempt from garnishment because they are: (1) wearing apparel and

school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (5) undeliverable mail; and (11) wages, salary, and other income. The defendant also alleged that he does not owe the restitution.

Furthermore, on May 11, 2007, as required by 28 U.S.C. § 3205(c)(7), the Garnishee submitted its answer. According to the answer, O'Neill currently maintains an IRA account that consists of mutual fund shares that, as of May 8, 2007, held 921.799 shares and 204.121 shares of Vanguard PRIMECAP Fund and 2,402.325 shares of Vanguard 500 Index Fund.

The government previously made demand upon the defendant for payment of the above-stated debt, and not less than 30 days has elapsed since demand on the defendant for payment of the debt. The debt remains unpaid as of the present date. As explained below, the retirement account is not exempt from garnishment to collect the debt imposed in this case. The government, therefore, requests that this Court grant the motion and approve the garnishment against the defendant's property to partially satisfy his restitution obligation.

### III.   ARGUMENT

####    A.    The Scope of the Garnishment Hearing and Burden of Proof

The garnishment statute, 28 U.S.C. § 3205, provides that, when served with a writ of garnishment, the judgment debtor, i.e., defendant, may request a hearing within 20 days.[1]

---

[1] The garnishment provisions relied upon by the government here are found within the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq. ("FDCPA"). The FDCPA provides the exclusive procedures for the government to recover a judgment on a debt. 28 U.S.C. § 3001(a)(1). The FDCPA specifically includes within its definition of "debt" an amount owing to the government for restitution. 28 U.S.C. § 3002(3)(B). As the government may enforce restitution under the practices and procedures for collecting a civil judgment under federal or state law, the government may enforce restitution owed by the defendant by a writ of garnishment under the FDCPA. 18 U.S.C. §§ 3613(a) and (f), 3664(m)(1)(A).

28 U.S.C. § 3205(c)(5). The judgment debtor also may file a motion to quash the writ, and the Court must hold a hearing on the motion "as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible." 28 U.S.C. § 3202(d)(1). However, the statute clearly limits the issues at this hearing to (1) the probable validity of any claim of exemption and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted. Id. Also, the statute "shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing." Id. More importantly, the judgment debtor bears the burden of establishing that his property is exempt from garnishment. 28 U.S.C. § 3014(b)(2); see also United States v. Sawaf, 74 F.3d 119, 122 (6th Cir. 1996).

Here, the defendant has requested this Court to conduct a hearing in this matter. The government anticipates that the only defense the defendant will raise is that his property is exempt from garnishment. However, as explained below, the defendant cannot meet his burden in establishing that his property is exempt from garnishment. Also, there is no statutory prohibition against the garnishment of a retirement account to satisfy a court-ordered restitution obligation.

      **B.**    **This Court Should Enter an Order Approving the Garnishment of the Accounts Held by the Garnishee**

            **1.**    **The Exemption Claims Raised by the Defendant Do Not Apply to the Garnishment of His Retirement Accounts**

In response to the Writ of Garnishment, the defendant claimed that his property is exempt from garnishment because it is: (1) wearing apparel and school books; (2) fuel, provisions,

furniture, and personal effects; (3) books and tools of a trade, business, or profession; (5) undeliverable mail; and (11) wages, salary, and other income.  Clearly, the defendant's exemption claims are without merit.  The only property sought by the garnishment here is an IRA account.  The garnished property does not fall within any of the categories of exempt property claimed by the defendant.  Accordingly, this Court should reject the defendant's exemption claims in their entirety.

> 2. **The Retirement Accounts Are Not Property Exempt from Garnishment to Satisfy Restitution**

Title 18 of the United States Code, section 3613, sets forth certain procedures for the collection of criminal fines and restitution.  That section specifically provides that:

> the government may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or state law.

18 U.S.C. § 3613(a).  See also 18 U.S.C. §§ 3613(f), 3664(m)(1)(A) (procedures for collecting criminal fines apply to the collection of restitution).  The government also may enforce restitution against all property or rights to property of the defendant, except against property that is exempt under Internal Revenue Code (26 U.S.C.) §§ 6334(a)(1)-(8), (10), and (12).  18 U.S.C. § 3613(a)(1) (emphasis added); see also United States v. Irving, 432 F.3d 401, 417 (2d Cir. 2005); United States v. Rice, 196 F. Supp.2d 1196, 1198 (N.D.Ok 2002).[2]  Furthermore, the FDCPA specifically provides that:

> a court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and

---

[2] Furthermore, § 3613 provides that, upon the imposition of a restitution obligation, a lien arises in favor of the government as of the date of the judgment, i.e., sentence, against all property owned by the defendant or acquired by the defendant in the future.  18 U.S.C. § 3613(c).

5

>which is in the possession, custody and control of a person other than the debtor, in order to satisfy the judgment against the debtor.

28 U.S.C. § 3205(a).

The FDCPA broadly defines property as "any present or future interest, whether legal or equitable, in real, personal, * * * or mixed property, tangible or intangible, vested or contingent." 28 U.S.C. § 3202(12). Congress specifically provided that the property exemptions under the Internal Revenue Code apply to the collection of restitution. 18 U.S.C. § 3613(a)(1); see also Rice, 196 F. Supp.2d at 1199. For criminal debts such as restitution, the categories of exempt property are:

    (1)    wearing apparel and school books;

    (2)    fuel, provisions, furniture, and personal effects;

    (3)    books and tools of a trade, business, or profession;

    (4)    unemployment benefits;

    (5)    undelivered mail;

    (6)    annuity or pension payments under the Railroad Retirement Act; benefits under the Railroad Unemployment Insurance Act; special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. § 1562); and annuities based on retired or retainer pay for the military under 10 U.S.C. § 1431, et seq.;

    (7)    workmen's compensation;

    (8)    judgments for support of minor children;

    (9)    certain service-connected disability payments; and

    (10)    assistance under Job Training Partnership Act.

28 U.S.C. § 3613(a)(1) in conjunction with 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8),

(10), and (12)..

Although § 3613(a)(1) enumerates ten specific categories of property that are exempt from garnishment to enforce a criminal fine, retirement accounts such as IRA's are not included as property exempt from garnishment. Therefore, the defendant's IRA is not exempted from garnishment under 18 U.S.C. § 3613. See United States v. Lazorwitz, 411 F. Supp.2d 634, 637 (E.D. N.C. 2005) (plain language of § 3613 indicates that the only exemptions for the criminal debtor owing restitution are set out in the referenced provisions of IRC § 6334(a)); Rice, 196 F. Supp.2d at 1199 (no exemption for qualified employee pension plan benefits under 18 U.S.C. § 3613).

This Court should reject any claim by the defendant that his property is exempt from garnishment. Except as provided in item 6 above, which exemptions do not apply in this case, pension funds are not included in any of these categories of exempt property. See Rice, 196 F. Supp.2d at 1199. By enacting § 3613(a), Congress specifically allowed only those exemptions provided under the Internal Revenue Code for the collection of criminal fines. Id. at 1198. Those exemptions do not exempt pension funds, and, therefore, pension funds are not statutorily exempted from garnishment to satisfy an outstanding criminal fine.

Recent decisions by several courts support the government's position. See United States v. Novak, 476 F.3d 1041, 1053 (9th Cir. 2007) (the Mandatory Victims Restitution Act ("MVRA"), notwithstanding the anti-alienation provision of Employee Retirement Income Security Act ("ERISA"), authorized the enforcement of restitution orders against retirement plan benefits); see also United States v. Irving, 432 F.3d 401, 417 (2nd Cir. 2005) (courts across the country have found § 3613(a) permits courts to consider ERISA protected assets in determining

appropriate fines and restitution); United States v. Phillips, 303 F.3d 548, 551 (5th Cir. 2002) (plain language of MVRA authorizes government to garnish retirement account to enforce restitution owed to private victim); United States v. First Bank & Trust East Texas, 477 F.Supp.2d 777, 782 (E.D. Texas 2007) (the defendant's interest in ERISA qualified plan did not exempt the benefits from garnishment for criminal fine and restitution); United States v. Dixon, Slip Copy, 2007 WL 163245, at *1 (D.Kan. 2007); United States v. Whalen, 459 F.Supp.2d 800, 822 (E.D.Wis. 2006); United States v. Lazorwitz, 411 F. Supp.2d 634, 637 (E.D. N.C. 2005)(neither ERISA's anti-alienation provision nor the anti-alienation provision of the Internal Revenue Code provide a bar to the garnishment of a qualified pension plan); United States v. James, 312 F. Supp.2d 802, 806 (E.D. Va. 2004) (criminal defendant owing restitution to government cannot protect pension benefits from being used to satisfy criminal monetary obligation); United States v. Tyson, 265 F. Supp.2d 788, 791 (E.D. Mich. 2003) (garnishment of defendant's interest in pension plan was implied as a lien in favor of the United States that was subject to garnishment under the FDCPA as if it were a liability for a tax assessed); United States v. Sowada, 2003 WL 22902613 (E.D.La. 2003); United States v. Rice, 196 F. Supp.2d 1196, 1202 (N.D. Okla. 2002) (statute setting forth procedure for collecting on criminal fines, and providing that certain property exempt from levy for taxes was exempt from such execution, created an exception to ERISA's anti-alienation provision, which thus did not bar the government's execution on defendant's interest in his qualified employee pension plan to satisfy his criminal fine debt). The government submits that this Court should follow the reasoning of these cases and approve the Writ of Garnishment in this instance.

## IV. CONCLUSION

The defendant's IRA held by the Garnishee is a type of property subject to garnishment under the FDCPA, and ERISA's anti-alienation provisions do not override the FDCPA to prohibit garnishment to collect an outstanding restitution obligation. The defendant cannot meet his burden of establishing that his property is protected under the anti-alienation provisions of ERISA because 18 U.S.C. § 3613 creates an exception to ERISA's anti-alienation provisions for the collection of criminal fines and restitution. The government may enforce restitution against all property belonging to the defendant. The only exemptions from enforcement available to the defendant are those specifically enumerated in 18 U.S.C. § 3613(a), and the statute does not include an exemption for ERISA-qualified retirement plans. Accordingly, the government requests that this Court approve the garnishment against the defendant's account and enter an Order directing the Garnishee as to the disposition of the garnished property.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

Dated: May 30, 2007     By:     /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3103

**CERTIFICATE OF SERVICE**

      I hereby certify that the above-document was filed through the ECF system electronically to any registered participants and a paper copy was sent by mail to those indicated as non-registered participants.

| | |
|---|---|
| Dated: May 30, 2007 | /S/ Christopher R. Donato |
| | Christopher R. Donato |
| | Assistant U.S. Attorney |