IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **United States of America** <br>         **Plaintiff** <br><br> vs. <br><br> **Peter V. Maggio, III, etal.** <br>         **Defendants** | Civil Action No.: 1:04-cr-10231 |

## MOTION OF DEFENDANT TO AMEND RESTITUTION ORDER

Now comes the defendant, Michael R. O'Neill, who respectfully requests that the Order of the Court requiring that he pay restitution be amended as follows:

1. The defendant in this matter was sentenced via Order dated November 20, 2006 to pay restitution in the amount of $1,813,820.00.

2. According to the Order, payment of the restitution is due immediately and/or pursuant to a court ordered schedule.

3. The defendant is currently serving the incarceration portion of his sentence. He has been sentenced to 21 months.

4. During this period of incarceration, he will be unable to provide for his family.

5. Consequently, the defendant requests that a schedule be entered requiring that he make installment payments beginning upon his release from incarceration.

6. Pursuant to **18 USC §3664 (f)**,

>   **(2)** Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—
>   **(A)** the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>   **(B)** projected earnings and other income of the defendant; and
>   **(C)** any financial obligations of the defendant; including obligations to dependents.
>
>   **(3)**
>   **(A)** A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.
>   **(B)** A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of

any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

7. In addition, **18 USC §3572** provides:

**d) Time, Method of Payment, and Related Items.—**
**(1)** A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.
**(2)** If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made.

8. The Sentencing Order states (on p. 7) that of payment of the restitution be "immediately" and combined with a court ordered payment schedule.

9. The Sentencing Order fails to provide for a payment schedule and the defendant therefore requests that a schedule be set by the Court requiring that installment payments begin after defendant's release from incarceration.

10. In addition to requesting that a payment schedule be set, the defendant also requests that the Sentencing Order be amended to reflect an adjustment as to whether and when interest accrues.

11. Specifically, **18 USCS §3612(f)** provides:

**(1)** In general. The defendant shall pay interest on any fine or restitution of more than $ 2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment. If that day is a Saturday, Sunday, or legal public holiday, the defendant shall be liable for interest beginning with the next day that is not a Saturday, Sunday, or legal public holiday.
**(2)** Computation. Interest on a fine shall be computed--
   **(A)** daily (from the first day on which the defendant is liable for interest under paragraph (1)); and
   **(B)** at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which the defendant is liable for interest under paragraph (1).
**(3)** *Modification of interest by court. If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may--*
   *(A) waive the requirement for interest;*
   *(B) limit the total of interest payable to a specific dollar amount; or*
   *(C) limit the length of the period during which interest accrues.*

(emphasis added.)

12. Because the defendant is incarcerated, because he has contested the collectibility of the restitution against certain assets, an issue yet to be determined, and interest on this figure, if calculated as contemplated by the statute, would financially devastate the defendant and his family; thus, defendant respectfully asserts that he is currently unable to pay the restitution and the court should waive the requirement of interest.

WHEREFORE, the defendant respectfully requests that this Honorable Court modify the Sentencing Order accordingly.

Respectfully submitted,
By his attorneys:

/s/Joseph S. Oteri
Joseph S. Oteri
Oteri & Lawson, P.C.
20 Park Plaza, Suite 905
Boston, MA  02116
617-227-3700

/s/Joseph M. Toddy
Joseph M. Toddy
Zarwin, Baum, DeVito,
Kaplan, Schaer & Toddy, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA  19102
(215) 569-2800

Dated:

CERTIFICATE OF SERVICE

I, Joseph S. Oteri, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on _____.

/s/Joseph S. Oteri
Joseph S. Oteri