UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>    Plaintiff,            )<br>                                                            )<br>  v.                                              )<br>                                                            )<br>MICHAEL R. O'NEILL,                       )<br>    Defendant,            )<br>                                                            ) | 1:04-CR-10231-006-MLW |

GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
MOTION TO AMEND RESTITUTION ORDER

For the reasons set forth below, the United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, hereby opposes the defendant's motion to amend this Court's order of restitution.

**BACKGROUND**

On June 23, 2006, the defendant pled guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, two counts of fraud by wire, radio, or television, in violation of 18 U.S.C. § 1343, and one count of mail fraud, in violation of 18 U.S.C. § 1341. Docket Entry 136. On November 20, 2006, this Court sentenced the defendant to 21 months custody, 36 months supervised release, $1,813,200 in restitution, $7,500 fine, and $400 special assessment. Docket Entry 194. By letter dated November 21, 2006, the defendant requested that he serve his sentence at FCI Fairton or FCI Schuykill and that interest be waived on his outstanding fine. Docket Entry 193. The Court allowed the defendant's request for designation to a specific federal prison and denied the defendant's request for waiver of interest. Unnumbered Docket Entry dated December 27, 2006. According to the criminal judgment, the

payment of the defendant's criminal debt was due immediately and the defendant was required to pay interest on his restitution and fine unless they were paid in full within fifteen days after the date of judgment. Docket Entry 205.[1] As of the present date, the defendant has not made any payments towards his criminal debt.

On July 13, 2007, the defendant filed a motion to amend the restitution order. Docket Entry 228. Through the motion, the defendant seeks to amend this Court's judgment that required the defendant to pay his restitution immediately and to pay interest on his outstanding fine and restitution unless the fine and restitution were paid in full within fifteen days. Id.

## ARGUMENT

**I.     The Court should not set an alternative payment schedule requiring that payments begin after the defendant's release from incarceration.**

As stated above, on November 20, 2006, this Court sentenced the defendant to 21 months custody, 36 months supervised release, $1,813,200 in restitution, $7,500 fine, and $400 special assessment. Docket Entry 194. According to the criminal judgment, the payment of the defendant's criminal debt was due immediately and the defendant was required to pay interest on his restitution and fine unless they were paid in full within fifteen days after the date of judgment. Docket Entry 205. The defendant now seeks to amend this Court's judgment that required the defendant to pay his restitution immediately and to pay interest on his outstanding fine and restitution unless the fine and restitution were paid in full within fifteen days. Docket Entry 228.

In support of his position to change the restitution order from due immediately to due after his release from prison and under a Court established payment plan, the defendant cites 18

---

[1] On April 9, 2007, this Court entered an amended judgment to correct the name of the payee for restitution purposes. Docket Entry 214.

U.S.C. § 3664(f) and 18 U.S.C. § 3572(d).  As the defendant points out, both of these statutes provide the Court with the authority during sentencing to order that the defendant pay restitution and/or a fine immediately or over a period of time through a Court ordered payment schedule.  The defendant also correctly points out that both of these statutes contemplate the Courts determination of the defendant's financial condition and ability to pay.  What the defendant fails to discuss is that at the time of sentencing, the Court considered these factors and determined that the defendant had the financial ability to pay all or a large portion of his restitution and fine immediately.

According to the Pre-sentence Report prepared on September 20, 2006, the defendant had a net worth of $2,239,130.  PSR[2] 66.  The Pre-sentence Report also notes that between May 5, 2005 and September 2006, the defendant sold $205,222 worth of stock.  This analysis of the defendant's financial situation does not appear to include the defendant's home which was assessed at approximately $260,000.  Id. at 63.  In addition, the defendant's wife was also contributing to the family income as a secretary at Pennsylvania State University.  Id.  Apparently, based on this financial information, the Court determined that the defendant had the ability to pay his outstanding restitution and criminal fine immediately.  What has changed?

In his motion, the defendant provides no changed circumstances other than the fact that he is currently incarcerated and that he contests the collectibility of restitution against certain assets.  It is the government's understanding that the Court considered the fact that the defendant was going to be incarcerated when it determined that the defendant had the ability to pay his restitution and criminal fine immediately.  It is also the government's understanding that the

---

[2] The government will cite to the Pre-sentence Report as "PSR."

Court was aware that many of the defendant's assets would be considered part of the defendant's marital estate giving his wife an interest in them as well. In other words, the defendant's financial situation has not considerably changed since the Court imposed its order of restitution and criminal fine.

For these reasons, the government respectfully suggests that the Court not set an alternative payment schedule requiring that payments begin after the defendant's release from incarceration and that payment remain due immediately.

**II.     The Court should not waive the requirement of interest on the defendant's outstanding restitution and fine.**

As stated above, according to the criminal judgment, the defendant was required to pay interest on his restitution and fine unless they were paid in full within fifteen days after the date of judgment. Docket Entry 205. The defendant now seeks to have this Court amend its judgment to waive the requirement for interest. Once again, in support of his motion to amend the judgment to eliminate the provision of interest the defendant states that he is incarcerated and that he contests the collectibility of restitution against certain assets. As previously noted, it is the government's understanding that the Court considered these issues when it determined that the defendant had the ability to pay his restitution and criminal fine immediately and that interest would accrue if the defendant did not pay his restitution and criminal fine within fifteen days of the judgment. The question remains, what has changed?

The defendant still has assets, however held, that would allow him to voluntarily pay off or, at least, make a large payment towards his outstanding criminal debt. Instead of making a good faith effort to repay his victims, he has chosen to dissipate his assets through legal fees in

an effort to deny the government's efforts to make whole the victim's of the defendant's criminal acts.  As of the present date, the defendant has not made <u>any</u> voluntary payments towards his criminal debt.

## CONCLUSION

For all of the aforementioned reasons, the government respectfully requests that this Court deny the defendant's motion to amend this Court's order of restitution.

                              Respectfully submitted,

                              UNITED STATES OF AMERICA
                              By its attorney,

                              MICHAEL J. SULLIVAN
                              United States Attorney

Dated: August 6, 2007        By:    /S/ Christopher R. Donato
                              Christopher R. Donato
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              John Joseph Moakley Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02210
                              (617) 748-3103

## CERTIFICATE OF SERVICE

I hereby certify that the above-document was filed through the ECF system electronically to any registered participants and a paper copy was sent by mail to those indicated as non-registered participants.

Dated: August 6, 2007                      /S/ Christopher R. Donato
                                                  Christopher R. Donato
                                                  Assistant U.S. Attorney