|                                 |   |                         |
| ------------------------------- | - | ----------------------- |
| UNITED STATES OF AMERICA,       | ) |                         |
|                                 | ) |                         |
|                                 | ) |                         |
| v.                              | ) | C.R. No. 04-10231-MLW   |
|                                 | ) |                         |
|                                 | ) |                         |
| MICHAEL R. O'NEILL,             | ) |                         |
|            Defendant.           | ) |                         |

## ORDER

WOLF, D.J.                                                    August 17, 2011

Defendant Michael R. O'Neill owes nearly $2,000,000 in restitution. In 2007, the government filed applications for the issuance of writs of garnishment to Vanguard Group and Fidelity Investments, each of which allegedly holds an IRA account in O'Neill's name. The court issued a writ of garnishment to Vanguard Group, which O'Neill has moved to quash. The court has deferred issuing a writ to Fidelity Investments pending the resolution of O'Neill's Motion to Quash the writ issued to Vanguard Group.

O'Neill has requested a hearing regarding both garnishment applications. See Def.'s Mot. to Transfer Venue and Req. Hr'g at 2; see also Def.'s Objection to Answer of Garnishee (Vanguard) and Mot. to Quash Writ of Garnishment at 1. By statute, such a hearing must be held if the judgment debtor files a written objection to the garnishee's answer and requests a hearing within 20 days after receipt of the answer. See 28 U.S.C. §3205(c)(5). O'Neill has satisfied the requirements of §3205(c)(5) with regard to Vanguard.

However, because no writ has been issued to Fidelity Investments, there has been no answer to which O'Neill could object. Nevertheless, O'Neill has requested a hearing on the Fidelity Investments application, and the interest of judicial economy warrants such a hearing. Accordingly, the court is referring both petitions for writs of garnishment to the Magistrate Judge for a hearing and report and recommendation on whether either of the accounts should be garnished to satisfy the judgment against O'Neill. See Fed. R. Civ. P. 72(b); see also United States v. Burt, No. 09-MC-5117, 2010 WL 3475909, at *1 (E.D. Mich. Sept. 2, 2010) (adopting report and recommendation after referral of garnishment action); United States v. Tyson, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (same).

O'Neill has also requested a change of venue, on the grounds that he was incarcerated in the Eastern District of Pennsylvania, which is also the location of his family's residence. See Defendant O'Neill's Mot. to Transfer Venue and Req. Hr'g at 1. This request is being denied. Federal Rule of Criminal Procedure 21(b) states that "[u]pon the defendant's motion, the court may transfer the proceeding, on one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." Where venue is appropriate in more than one district, "the question of which district is the more appropriate place for trial is . . . a matter for the discretion of

the judge before whom the motion to transfer is made." Holdsworth
v. United States, 179 F.2d 933, 937 (1st Cir. 1950). In the instant
case, the interest of justice does not weigh in favor of transfer.
Since filing his request for transfer, O'Neill has been released
from custody and is scheduled to complete his three-year term of
supervised release shortly. Moreover, O'Neill pled guilty to the
underlying charges in this court, and the extensive records in that
case are located in this district.

Accordingly, it is hereby ORDERED that:

1. Defendant's Motion to Transfer Venue and Request Hearing
(Docket No. 221) is DENIED with respect to the request to transfer
venue and ALLOWED with respect to the request for a hearing
concerning the two applications for writs of garnishment.

2. The government's Applications for Writs of Garnishment
(Docket Nos. 211, 212 & 215) and the related motions (Docket Nos.
221, 222, 224 & 226) are REFERRED to the Magistrate Judge for a
hearing and the issuance of a Report and Recommendation on whether
either of the accounts at issue should be garnished.

Clara P. Hay
UNITED STATES DISTRICT JUDGE

3